```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 07-60342-Civ-GRAHAM

                              MAGISTRATE JUDGE P. A. WHITE
WILLIE PHILLIPS,           :
        Petitioner,        :

v.                         :       REPORT OF
                                 MAGISTRATE JUDGE
WALTER A. McNEIL,[1]       :
        Respondent.        :
_____
```

Introduction

Willie Phillips, a state prisoner currently confined at Gulf Correctional Institution-Annex,[2] has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, challenging the constitutionality of his conviction for attempted felony murder and attempted robbery with a deadly weapon entered following a jury verdict in Broward County Circuit Court, case no. 01-15965-CF10B, and his conviction for robbery with a deadly weapon and aggravated battery entered following a jury verdict in Broward County Circuit Court, case no. 01-17823-CF10.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

---

[1]Walter A. McNeil, has replaced James R. McDonough as Secretary of the Florida Department of Corrections, and is now the proper respondent in this proceeding. McNeil should, therefore, "automatically" be substituted as a party under Federal Rule of Civil Procedure 25(d)(1). The Clerk is directed to docket and change the designation of the Respondent.

[2]The petitioner has failed to provide this court with his current address of record, despite this court's order of instructions. The current address is gleaned from the prison offender database, located at http://www.dc.state.fl.us/. The petitioner is cautioned that he must provide this court with his current address at all times.

For its consideration of this petition (DE#1), the Court has the response (DE#18) of the state to orders to show cause with numerous exhibits (DE#19).

The petitioner raises the sole claim that counsel was ineffective for failing to file a pretrial motion to suppress his post-arrest statements based on an inadequate <u>Miranda</u> warning. (DE#1).

Challenge to Case No. 01-15965-CF10B

The petitioner was convicted of attempted first degree murder (Count 1) and attempted robbery with a firearm (Count 2), and sentenced as a Prison Release Reoffender to a mandatory minimum term of life in prison as to Count 1, and as a habitual violent felony offender to a term of 30 years in prison as to Count 2, in Broward County Circuit Court, case no. 01-15965-CF10B.

The petitioner appealed, raising the sole claim that the court erred in denying his motion to suppress since he was not adequately advised of his <u>Miranda</u> rights prior to giving a statement. <u>See</u> <u>Phillips v. State</u>, 877 So.2d 912 (Fla. 4 DCA 2004). The appellate court denied the claim on the basis that it was not preserved for appellate review because his suppression motion only asserted that he had been illegally interrogated by police in violation of his state and federal constitutional rights. <u>Phillips v. State</u>, 877 So.2d at 914. The appellate court affirmed the judgment of conviction without prejudice to the petitioner filing a future Rule 3.850 postconviction motion in the state court. <u>Phillips v. State</u>, <u>supra</u>. Review was denied on March 1, 2005. <u>Phillips v. State</u>, 898 So.2d 81 (Fla. 4 DCA 2005). Thus, the judgment of conviction became final, for purposes of the AEDPA's one year statute of limitations, at the latest on June 1, 2005, ninety days after the opinion

2

affirming the conviction was issued at the conclusion of the petitioner's direct appeal.[3]

It appears from Westlaw, a legal research database, that the petitioner returned to the state forum, filing a motion for postconviction relief pursuant to Fla.R.Cr.P. 3.850, asserting in pertinent part that counsel was ineffective for failing to raise, as a basis for suppression of his statement, that the Miranda[4] rights warning he received failed to advise him of the right to have an attorney present during interrogation. See Phillips v. Florida, 937 So.2d 1176 (Fla. 4 DCA 2006). On September 6, 2006, the appellate court reversed the court's summary denial and remanded with instructions to the court to attach portions of the record conclusively refuting the claim or for an evidentiary hearing. Phillips v. State, supra.

According to the respondent, the Rule 3.850 motion is currently pending before the state court. The petitioner, however, has failed to establish whether the claim has been properly exhausted in the state forum. Moreover, this Court has issued two orders directing the petitioner to file an amended petition specifying which conviction previously referenced is under collateral attack in this habeas proceeding. Finally, review of the state court criminal docket under attack here, a copy of which is being filed in this case under separate cover, reveals that in June, 2007 an evidentiary hearing on the petitioner's Rule 3.850

---

[3]For federal purposes, a conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied. Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986); accord, Bond v. Moore, 309 F.3d 770 (11 Cir. 2002); Coates v. Byrd, 211 F.3d 1225 (11 Cir. 2000). Ordinarily, a petition for writ of certiorari must be filed within 90 days of the date of the entry of judgment, rather than the issuance of a mandate. Supreme Court Rule 13.

[4]Miranda v. Arizona, 384 U.S. 436 (1966).

3

motion appears to have been held. The latest docket entry reveals that the trial court requested the criminal file from archives at the end of September 2007, and no ruling appears to have been entered on this motion as of the filing of this Report.

At this juncture, if the petitioner is challenging the instant prior conviction, the claim presented is unexhausted as it is currently pending in the state forum following remand from the appellate court. The petitioner has come forward with no objective evidence demonstrating that the claim is ripe for review as to the state court conviction entered in case no. 01-15965-CF10B.

It is clear that an applicant's federal writ of habeas corpus will not be granted unless the applicant has exhausted his state court remedies. 28 U.S.C. §2254(b),(c).[5] A claim must be presented to the highest court of the state to satisfy the exhaustion of state court remedies requirement. O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Richardson v. Procunier, 762 F.2d 429, 430 (5 Cir. 1985); Carter v. Estelle, 677 F.2d 427, 443 (5 Cir. 1982), cert. denied, 460 U.S. 1056 (1983). A petitioner is required to present his claims to the state courts such that they are permitted the

---

[5]The terms of 28 U.S.C. §2254(b) and (c) provide in pertinent part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
>     (A) the applicant has exhausted the remedies available in the courts of    the State; or
>     (B)(i) there is absence of available State corrective process; or
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>             .   .   .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

4

"opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." Picard v. Connor, 404 U.S. 270, 275-77 (1971). Exhaustion is ordinarily accomplished on direct appeal. If not, in Florida, it may be accomplished by the filing of a Rule 3.850 motion, and an appeal from its denial. Leonard v. Wainwright, 601 F.2d 807, 808 (5 Cir. 1979). Regarding claims of ineffective assistance of appellate counsel, they must be raised by petition for writ of habeas corpus in the appropriate state district court of appeal. State v. Dist. Ct. of Appeal, First Dist., 569 So. 2d. 439 (Fla. 1990). It is evident from review the record as narrated above that the petitioner has not exhausted the claim herein in the state forum. Under these circumstances, the claim remains unexhausted.

Moreover, to the extent that the petitioner seeks a stay of this federal proceeding during the pendency of his state postconviction proceeding, a stay is not appropriate here. The district courts have the discretion to stay a habeas action pending resolution of state postconviction proceedings. See Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005)(holding that a federal district court has discretion to stay a mixed habeas petition containing exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected petition). However, a stay and abeyance is available to the petitioner in limited circumstances and only appropriate when the district court determines there was good cause for petitioner's failure to exhaust his claims first in the state courts. Rhines v. Weber, 544 U.S. at 277-78, 125 S.Ct. at 1535. The extraordinary action of holding this case in abeyance is not appropriate.

Further, a stay may be warranted when an outright dismissal of the petition will render it unlikely or impossible for the

5

petitioner to return to federal court within the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. §2244(d). See Rhines v. Weber, 544 U.S. 269. See also Kelly v. Small, 300 F.3d 1159, 1165 (9 Cir. 2002); Nowaczyk v. Warden, New Hampshire State Prison, 299 F.3d 69, 79-80 (1 Cir. 2002); Zarvela v. Artuz, 254 F.3d 374, 382-83 (2 Cir. 2001); Freeman v. Page, 208 F.3d 572, 577 (7 Cir. 2000). Such is not the case here.[6] The petitioner has sufficient time to return to this Court within the limitations period.

Accordingly, as to the state court conviction entered in case no. 01-15965-CF10B, dismissal of this federal petition for lack of exhaustion is warranted so that the petitioner can fully exhaust his state court remedies on any and all claims he might want to raise challenging his convictions and sentences entered in case no. 01-15965-CF10B, and then return to this Court after exhaustion has been accomplished. The petitioner is advised that the amendments to the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. 28 U.S.C. §2244(d). Section 2244(d)(1) sets forth the general rule that a federal habeas petition must be filed within one year after the petitioner's conviction and/or sentence become final. The statute of limitations is tolled, however, while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. §2244(d)(2).

### Challenge to Case No. 01-17823-CF10A

---

[6]The judgment of conviction in the underlying criminal case has not even become final so that the AEDPA's one-year limitations period to file a federal habeas petition has not commenced to run. See Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986)(holding that a conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied); Supreme Court Rule 13.1 (providing that a petition for writ of certiorari must be filed within 90 days of the date of the entry of the judgment by a state court of last resort).

Regarding the 01-17823-CF10A conviction, the pertinent procedural history reveals as follows. The petitioner was convicted of robbery with a firearm or deadly weapon (Count 1) and aggravated battery with a firearm or deadly weapon (Count 2), adjudicated a habitual violent felony offender, and sentenced to life in prison as to Count 1, and 30 years in prison as to Count 2. (DE#19:Ex.1-2).

The petitioner appealed, raising multiple claims, including the sole claim that the court erred in denying his motion to suppress since he was not adequately advised of his Miranda rights prior to giving a statement. (DE#19:Ex.9). On October 27, 2004, the appellate court *per curiam* affirmed the convictions and sentence without written opinion. See Phillips v. State, 886 So.2d 239 (Fla. 4 DCA 2004)(table); (DE#19:Ex.22). The mandate issued on November 15, 2004. (DE#19:Ex.23). Thus, the judgment of conviction became final, for purposes of the AEDPA's one year statute of limitations, at the latest on January 27, 2005, ninety days after the opinion affirming the conviction was issued at the conclusion of the petitioner's direct appeal.[7]

Approximately four months later, the petitioner filed a "complaint" with the Fourth District Court of Appeal, raising essentially the same claim raised in this federal petition. (DE#19:Ex.24). The appellate court construed the complaint as a state petition for writ of habeas corpus, and on July 11, 2005, the petition was denied without prejudice to the petitioner raising the issue in a Rule 3.850 motion for postconviction relief in the trial

---

[7] For federal purposes, a conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied. Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986); accord, Bond v. Moore, 309 F.3d 770 (11 Cir. 2002); Coates v. Byrd, 211 F.3d 1225 (11 Cir. 2000). Ordinarily, a petition for writ of certiorari must be filed within 90 days of the date of the entry of judgment, rather than the issuance of a mandate. Supreme Court Rule 13.

7

court. (DE#19:Ex.25).

Prior to the opinion issuing from the appellate court, on June 14, 2005, the petitioner returned to the state court filing his first Rule 3.850 motion for postconviction relief, raising multiple claims, including essentially the same claim raised in this federal petition. (DE#19:Ex.26). On January 26, 2006, the trial court entered an order denying the motion based on the state's response. (DE#19:Exs.28-29). That denial was *per curiam* affirmed without written opinion on July 12, 2006. Phillips v. State, 934 So.2d 470 (Fla. 4 DCA 2006)(table); (DE#19:Ex.31). On August 11, 2006, the mandate issued. (DE#19:Ex.32).

Over six months elapsed thereafter before the petitioner came to this court filing the instant federal petition on February 27, 2007. (DE#1).

The respondent correctly concedes that this petition was filed within the one-year limitations period of 28 U.S.C. §2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Artuz v. Bennett, 531 U.S. 4 (2000) (pendency of properly-filed state postconviction proceedings tolls the AEDPA limitations period). In addition, the respondent is correct in its concession that the petitioner's claims are exhausted and ripe for federal review. Anderson v. Harless, 459 U.S. 4 (1982)(issues raised in a federal habeas corpus petition must have been fairly presented to the state courts and thereby exhausted).

With regard to review of the claims on the merits, federal habeas relief for a state prisoner is available only upon a showing that the prisoner's confinement violates the United States Constitution or other federal law. Section 104(d) of the AEDPA [28 U.S.C. §2254(d)] sets out a significant new restriction upon the

8

ability of federal courts to grant habeas corpus relief. Now under 28 U.S.C. § 2254(d), an application for a writ of habeas corpus pursuant to the judgment of a state court shall not be granted by a federal court unless the decision is "contrary to" or is an "unreasonable application of" "clearly established" Supreme Court precedent.[8]  See Williams v. Taylor, 529 U.S. 362, 391 (2000).

As indicated in §2254(d), there are two distinct avenues for granting federal habeas relief. See Hall v. Head, 310 F.3d 683, 690 (11 Cir. 2002), citing, Williams, 529 U.S. at 404. First, relief may be available if the state court decision is "contrary to" clearly established United States Supreme Court precedent. For example, "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," the decision is contrary to Supreme Court precedent. Id., quoting, Williams, 529 U.S. at 405. Alternatively, "if the state court confronts a set of facts that are materially indistinguishable from a [relevant Supreme Court decision and] arrives at a result different" from that decision, such a result is also contrary to Supreme Court precedent. Id., quoting, Williams, 529 U.S. at 406.

Second, a petition for habeas relief may be granted if the state court decision involved an "unreasonable application" of Supreme Court precedent. Id. at 691. "A state-court decision that

---

[8]Pursuant to 28 U.S.C. § 2254(d), as amended by the AEDPA,

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d).

correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case" satisfies the "unreasonable application" clause of § 2254(d)(1). Id., quoting, Williams, 529 U.S. at 407-08. The proper inquiry is whether the state court applied federal law in an "objectively unreasonable" manner. Williams, at 409. Finally, §2254(d)(1) provides a measuring stick for federal habeas courts reviewing state court decisions. Hall, 310 F.3d at 683.  That measuring stick is "clearly established Federal law." 28 U.S.C. § 2254(d)(1). Id. In the habeas context, clearly established federal law "refers to the holdings of the Supreme Court's decisions as of the time of the relevant state-court decision. Id., citing, Williams, 529 U.S. at 412. Further, §2254(e)(1) provides for a highly deferential standard of review for factual determinations made by a state court in that a state court's factual findings are presumed correct, unless rebutted by clear and convincing evidence. See 28 U.S.C. §2254(e)(1); Putman v. Head, 268 F.3d 1223, 1241 (11 Cir. 2001), cert. denied, ___ U.S. ___, (2002).

The petitioner raises the sole claim that he received ineffective assistance of trial counsel, because his lawyer failed to seek the suppression of statements made pursuant to a defective *Miranda* rights waiver form and seek the suppression of statements made where he was never properly advised of his *Miranda* rights. (DE#1:5). In the state court pleadings wherein the claim was exhausted, as well as, this federal petition, the thrust of the petitioner's argument appears to be that the waiver-form used by the police failed to advise him that he had the right to an attorney during questioning and could cease the interrogation at any time.

To prevail on a claim of ineffective assistance, a petitioner must demonstrate both that his attorney's efforts fell below

10

constitutional standards, and that he suffered prejudice as a result.[9] Strickland v. Washington, 466 U.S. 668 (1984).

As to the petitioner's claim as it was raised in the state forum, the problem with his argument is that the suppression hearing and subsequent trial took place in June 2002, and his convictions in both cases became final on November 15, 2004, when the appellate mandate issued following his direct appeal.[10] The opinion in Roberts was not issued until 2004, and Florida courts have declined to make the decision retroactively applicable to cases on collateral review. While the opinion in Roberts issued on May 26, 2004, with rehearing denied July 2, 2004, before the convictions became final in this case,[11] trial counsel cannot be faulted for failing to foresee in 2001, at the time of the petitioner's trial, that the standard rights waiver form then used would be invalidated more than three years later in 2004. Under

---

[9] When assessing a lawyer's performance, "Courts must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment." Chandler v. United States, 218 F.3d 1305 (11 Cir. 2000)(en banc), cert. denied, 531 U.S. 1204 (2001). "The test for reasonableness is not whether counsel could have done something more or different; instead, we must consider whether the performance fell within the broad range of reasonable assistance at trial." Stewart v. Sec'y Dept. Of Corr., 476 F.3d 1193, 1209(11 Cir. 2007). The burden is on the petitioner to show by a preponderance of the evidence that his counsel's performance was unreasonable under prevailing professional norms. Id. There is a strong presumption in favor of reasonableness and to overcome this strong presumption, the petitioner must show that "no competent counsel would have taken the action that his counsel did take." Id. (quotation omitted). Accordingly, review of counsel's conduct is to be highly deferential. Spaziano v. Singletary, 36 F.3d 1028, 1039 (11 Cir. 1994), and second-guessing of an attorney's performance is not permitted. White v. Singletary, 972 F.2d 1218, 1220 (11 Cir. 1992)("Courts should at the start presume effectiveness and should always avoid second-guessing with the benefit of hindsight."); Atkins v. Singletary, 965 F.2d 952, 958 (11 Cir. 1992). A claim of ineffective assistance is a mixed question of law and fact. Strickland, 466 U.S. at 698.

[10] Under Florida law, a conviction becomes final upon issuance of the mandate following direct appeal. Jones v. State, 602 So.2d 606 (Fla. 1 DCA 1992); Hilbert v. State, 540 So.2d 227 (Fla. 1 DCA 1989).

[11] The Florida courts have declined to make the Roberts decision retroactively applicable to cases on collateral review. See Ulcena v. State, 925 So.2d 346 (Fla. 4 DCA 2006).

11

Strickland, an attorney's performance is to be measured instead on reasonableness under prevailing professional norms. Id. at 688. Because counsel's failure to challenge the standard waiver form three years before it was held to be deficient was reasonable under the professional norms prevailing at that time, it did not amount to constitutionally deficient representation. It is well settled that an attorney's failure to anticipate a change in the law cannot form the basis for claim of ineffective assistance. United States v. Ardley, 273 F.3d 991, 993 (11 Cir. 2001); Funchess v. Wainwright, 772 F.2d 682, 691 (11 Cir. 1985). Therefore, counsel cannot be faulted for failing to foresee in 2001 that the standard rights waiver form then in use would be invalidated in 2004. Under Strickland v. Washington, 466 U.S. 668 (1984), an attorney's performance is to be measured instead on reasonableness under prevailing professional norms.

Moreover, even if trial counsel's performance could be deemed deficient for failing to challenge the subject waiver form, under established federal and Florida law, the petitioner suffered no prejudice for his failure to do so.

Under established federal and Florida law, the determinative question is whether the defendant in fact knowingly and voluntarily waived the rights delineated in the Miranda case. North Carolina v. Butler, 441 U.S. 369, 373 (1979); accord, Thomas v. State, 894 So.2d 126, 136 (Fla. 2004). In Miranda, the Supreme Court held, among other things, that "an individual held for interrogation must be clearly informed that he has the right to consult with a lawyer and to *have the lawyer with him during interrogation*." Miranda, 384 U.S. at 471, 86 S.Ct. at 1626 (emphasis added). However, the Supreme Court "has never indicated that the 'rigidity' of *Miranda* extends to the precise formulation of the warnings given a criminal defendant[,]" so "no talismanic incantation [is] required to

12

satisfy its strictures." California v. Prysock, 453 U.S. 355, 359 (1981). The inquiry is simply whether the warnings reasonably '"conve[y] to [a suspect] his rights as required by *Miranda*."' Duckworth v. Eagan, 492 U.S. 195, 203 (1989)(brackets in original)(quoting Prysock, 453 U.S. at 361). So long as the warning given to a defendant adequately fulfills *Miranda*'s substantive requirements, it is sufficient. Duckworth v. Eagan, 492 U.S. 195, 203 (1989).

The record reveals in this case that after being taken into custody, the petitioner was read the following waiver of rights form was read:

MIRANDA WARNINGS

>BEFORE I ASK YOU ANY QUESTIONS, I WANT TO ADVISE YOU OF YOUR CONSTITUTIONAL RIGHTS.
>
>1.   You have the right to remain silent.
>
>2.   Anything you say can be used against you in a court of law.
>
>3.   You have the right to talk with a lawyer present before any questioning.
>
>4.   If you cannot afford a lawyer, one will be appointed to represent you before any questioning if you wish.
>
>Do you understand each of these rights I have read to you?

(DE#19:Ex.9:12).

At the suppression hearing, Detective Stanley Ragin with the City of Fort Lauderdale Police Department, testified that he went over the waiver of rights form with the petitioner, and explained each of his rights. (DE#19:Ex.34:10-24). According to Detective Ragin, he advised the petitioner that he could have a lawyer

13

present before and during questioning, and that he could cease answering questions at any time. (Id.:21-22). The petitioner responded that he understood each of the rights, initialed the waiver of rights form, and willingly talked to the officers without an attorney present. (Id.:22-23). The trial court thereafter denied the suppression motion on the finding that the petitioner knowingly, intelligently, and voluntarily waived his rights. (DE#19:Ex.35:139-140). Under these circumstances, it is apparent that even if the wording of the rights waiver card was deficient, the petitioner was still apprised of the substantive rights he possessed under Miranda, including his entitlement to have a lawyer present during questioning. Thus, the record reveals that the petitioner voluntarily waived those rights and agreed to speak to the police. The petitioner therefore cannot show that he was prejudiced when his lawyer failed to challenge the wording of the Miranda waiver form, because such an argument rightfully would have been unavailing. See Canete v. State, 921 So.2d 687 (4 DCA)(although defendant was not apprised expressly that he had the right to have an attorney present "during" or "while" questioning, warning given contained the functional equivalent and was sufficient to convey this right to a person of ordinary intelligence and common understanding, therefore, motion to suppress rightfully denied), rev. denied, 944 So.2d 986 (Fla. November 20, 2006), citing, Duckworth v. Eagan, 492 U.S. 195, 203 (1989). Federal law recognizes that "[c]ounsel cannot have been ineffective for failing to pursue ... a meritless suppression motion." United States v. Stewart, 388 F.3d 1079, 1085 (7 Cir. 2004).

Moreover, when the issue was raised in the Rule 3.850 proceeding, the trial court denied the claim based on the state's response, which argued in pertinent part that the testimony at the suppression hearing established that the petitioner had been

14

apprised of his constitutional rights, which included the right to have an attorney present during questioning, the same issue identified in the Roberts case. See DE#19:Ex.28:2-5. The state concluded that no Roberts violation occurred, and even if the waiver of rights form was defective pursuant to Roberts, the interrogating officers clearly testified that the petitioner had nevertheless been advised that he was entitled to have counsel present during questioning and to cease answering questions at any time. (Id.). The state concluded that no viable claim of ineffective assistance of counsel had been presented, and therefore, the claim should be summarily denied.[12] (Id.). The state court's denial was subsequently *per curiam* affirmed on appeal. Phillips v. State, supra.

Accordingly, the trial court's determination that the

---

[12]It is noted that both the Florida Supreme Court and United States Supreme Court have declined to review cases ruling on the constitutionality of the Broward County Sheriff's Office's Miranda rights card. Bross v. State, 898 So.2d 1027, 1027 n.2 (Fla. 4 DCA 2005), citing, Franklin v. State, 876 So.2d 607 (Fla. 4 DCA 2004)(noting that Miranda form used by Broward County Sheriff's Office was only one of ninety rights forms obtained from federal and state law enforcement agencies introduced in evidence that failed to indicate that the suspect could consult with a lawyer during questioning), cert. denied, 543 U.S. 1081 (2005); President v. State, 884 So.2d 126 (Fla. 4 DCA 2004), review denied, 892 So.2d 1014 (Fla. 2005); West v. State, 876 So.2d 614 (Fla. 4 DCA 2004), review denied, 892 So.2d 1014 (Fla. 2005); Roberts v. State, 874 So.2d 1225 (Fla. 4 DCA 2004), review denied, 892 So.2d 1014 (Fla. 2005). It is further noted that there is a split among the circuits with respect to whether the warning must explicitly provide that a suspect is entitled to the presence of counsel during interrogation. See Bridgers v. Dretke, 431 F.3d 853, 859 (5 Cir. 2005). The Fifth Circuit, like the Sixth, Ninth, and Tenth Circuits, has interpreted *Miranda* to require a more explicit warning, indicating that a suspect is entitled to counsel during questioning. Id., citing, Atwell v. United States, 398 F.2d 507, 510 (5 Cir.1968); United States v. Tillman, 963 F.2d 137, 140-42 (6 Cir. 1992); United States v. Noti, 731 F.2d 610, 615 (9 Cir. 1984); United States v. Anthon, 648 F.2d 669, 672-74 (10 Cir. 1981). On the other hand, the Second, Fourth, Seventh, and Eighth Circuits under various circumstances have held that warnings are adequate without explicitly stating that the right to counsel includes having counsel present during the interrogation. Id., citing, United States v. Vanterpool, 394 F.2d 697, 698-99 (2 Cir. 1968); United States v. Frankson, 83 F.3d 79, 81-82 (4 Cir. 1996); cf. United States v. Adams, 484 F.2d 357, 361-62 (7 Cir. 1973)(finding warning adequate but stating that warnings provided to suspects on the street are not expected to be as precise as those given at the police station); United States v. Caldwell, 954 F.2d 496, 500-04 (8 Cir. 1992)(finding no plain error when warning omitted right to counsel during interrogation).

petitioner was not entitled to postconviction relief on the identical claim of ineffective assistance of counsel raised here, which decision was affirmed on appeal, was not in conflict with clearly established federal law or based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.[13] Relief must therefore be denied pursuant to 28 U.S.C. §2254(d). <u>Williams v. Taylor</u>, 529 U.S. 362 (2000).

## Conclusion

For the foregoing reasons, it is recommended as follows:

1. As to the state court conviction entered in case no. 01-15965-CF10B, that this federal habeas petition be dismissed for failure to exhaust state remedies, without prejudice except as to the federal statute of limitations or other procedural bar; and,

2. As to the state court conviction entered in case no. 01-17823-CF10A, that this federal petition be denied.

---

[13] The appellate court's decision affirming the denial of the petitioner's Rule 3.850 motion without written opinion constitutes an "adjudication on the merits," and is thus entitled to deference under the AEDPA for purposes of subsequent federal habeas corpus review. <u>Wright v. Secretary for Dept. of Corrections</u>, 278 F.3d 1245 (11 Cir. 2002), <u>cert</u>. <u>denied</u>, 538 U.S. 906 (2003). The petitioner is only entitled to relief if the state appellate court's rejection of his claim was directly contrary to, or was an unreasonable application of, clearly established federal law. <u>Id</u>. at 1253-56. <u>See also</u> <u>Van Poyck v. Florida Dept. of Corrections</u>, 290 F.3d 1318, 1325 (11 Cir. 2002). For the reasons stated herein, the appellate court's decision affirming the denial of the petitioner's Rule 3.850 motion on the subject issue was not unreasonable, and he is therefore not entitled to relief in this federal proceeding.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 25th day of March, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Willie Phillips, Pro Se
DC#L01536
Santa Rosa Correctional Institution
5850 East Milton Road
Milton, FL 32583
(address of record)

Willie Phillips, Pro Se
DC#L01536
Gulf Correctional Institution - Annex
699 Ike Steele Road
Wewahitchka, FL 32465-0010
(current address)

Jeanine M. Germanowicz, Ass't Atty Gen'l
Office of the Attorney General
1515 North Flagler Drive, #900
West Palm Beach, FL 33401-3432